UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTAUR CORPORATION,<br><br>                                          Plaintiff,<br>   vs.<br><br>ON SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC,<br><br>                                          Defendant. | CASE NO. 09 CV 2041 JM (BLM)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Doc. No. 11 |

Plaintiff Centaur Corporation ("Centaur") filed this diversity action against Defendant ON Semiconductor Components Industries, LLC ("ON Semiconductor") alleging (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) quantum meruit, (4) unjust enrichment, (5) accounting, and (6) violation of Arizona Statute Title 44, Chapter 11, Article 15, 44-1798.02. (Doc. No. 1). ON Semiconductor moves to dismiss the complaint on grounds that (1) Centaur has failed to comply with the dispute resolution procedure agreed to in the parties' contract, and (2) for improper venue due to a forum selection clause. (Doc. No. 11). The court finds this matter appropriate for decision without oral argument. *See* CivLR 7.1(d)(1). For the following reasons, the court hereby GRANTS Defendant's motion to dismiss.

**I.    BACKGROUND**

In January 2008, Centaur entered into a sales representative agreement with ON Semiconductor to be the exclusive sales representative for a territory including much of the

1  southwestern United States.   (Doc. No. 10, Second Amended Complaint, hereinafter "SAC," ¶ 6).
2  ON Semiconductor terminated the sales representative agreement effective January 31, 2009. (SAC
3  ¶ 8).

4        The sales representative agreement required ON Semiconductor to pay any unpaid
5  commissions to Centaur upon termination.  (SAC ¶ 9).  In March 2009, ON Semiconductor paid
6  $111,992.28 to Centaur in outstanding commissions.  In April 2009, ON Semiconductor paid an
7  additional $2,839.45 in commissions. (SAC ¶ 14). Nonetheless, Centaur sought further information,
8  particularly ON Semiconductor's sales data, to verify whether the paid commissions were accurate.
9  (SAC ¶ 11).  ON Semiconductor's alleged refusal to provide that information precipitated the current
10 dispute.

11       The sales representative agreement binding the parties provides the following dispute
12 resolution procedure:

> 9.20 **Alternate Dispute Resolution:** Except for claims or controversies involving intellectual property, which are exempt from this paragraph, ON Semiconductor and Representative will attempt to settle any claim or controversy arising out of the Agreement through consultation and negotiation in good faith and a spirit of mutual cooperation.
>
> 9.20.1 <u>Resolution Through Mediation</u>: If those attempts fail, then the dispute will be mediated by a mutually acceptable mediator to be chosen by ON Semiconductor and Representative within forty-five (45) days after written notice by either ON Semiconductor or Representative demanding mediation. Neither ON Semiconductor nor Representative may unreasonably withhold consent to the selection of a mediator, and ON Semiconductor and Representative will share the costs of the mediation equally.  By mutual agreement, however, ON Semiconductor and Representative may postpone mediation until ON Semiconductor and Representative have completed some specified but limited discovery about the dispute.  ON Semiconductor and Representative may also agree to replace mediation with some other form of alternative dispute resolution (ADR), such as neutral fact-finding or a minitrial.
>
> 9.20.2 <u>Unsuccessful Resolution</u>: Any dispute which ON Semiconductor and Representative cannot resolve through negotiation, mediation or other form of ADR within six (6) months of the date of the initial demand for it by either ON Semiconductor or Representative may then be submitted to the courts within Arizona for resolution.  The use of any ADR procedures will not be construed under the doctrines of laches, waiver or estoppel to affect adversely the rights of either party.  Nothing in this section will prevent either ON Semiconductor or Representative from resorting to judicial proceedings if (a) good faith efforts to resolve the dispute under these procedures have been unsuccessful or (b) interim relief from a court is necessary to prevent serious and irreparable injury to a party or to others.

(SAC, Ex. A at 11-12).

On August 5, 2009, an attorney for Centaur sent a letter to ON Semiconductor stating,

> In accordance with Section 9.20.1 of the Sales Representative Agreement, Centaur is willing to submit this dispute over unpaid commissions to a mutually acceptable mediator. Please provide us with the names of three mediators that are acceptable to you for resolution of this dispute within fifteen days of receipt of this letter.

(Doc. No. 11, Ex. 3 at 26). Nonetheless, no mediation took place, and Centaur filed its complaint in this case on September 18, 2009. (*See* Doc. No. 1).

## II.  LEGAL STANDARDS

A motion to dismiss based on a forum selection clause is treated as a motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). *Argueta v. Banco Mexican, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). Federal law governs the validity of a forum selection clause. *Id.* (citing *Manett-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988)).

The court treats the motion to dismiss for failure to mediate as a motion to dismiss for failure to state upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In testing the complaint's legal adequacy, the court may consider material properly submitted as part of the complaint, including exhibits attached thereto, or material subject to judicial notice. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Furthermore, under the "incorporation by reference" doctrine, the court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Janas v. McCracken* (*In re Silicon Graphics Inc. Sec. Litig.*), 183 F.3d 970, 986 (9th Cir. 1999) (internal quotation marks omitted).

## III.  DISCUSSION

### A.  Improper Venue

ON Semiconductor contends that venue is improper in the Southern District of California because the parties' sales representative agreement, in Section 9.20.2, provides that "[a]ny dispute which [the parties] cannot resolve through negotiation, mediation or other form of ADR . . . may then be submitted to the courts within Arizona for resolution." Mandatory forum selection clauses are enforceable. *See Nor. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1036-37 (9th Cir. 1995). "To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one." *Id.* at 1037.

In *Northern California District Council of Laborers*, the Ninth Circuit considered the phrase, "shall be enforceable . . . in the Superior Court . . . of San Francisco" and found it to be permissive rather than mandatory. *Id.* at 1036-37. In *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, the Ninth Circuit considered a clause that provided that the courts of Orange County, California "shall have jurisdiction over the parties in any action" and likewise found that it was permissive. 817 F.2d 75, 77 (9th Cir. 1987).

Section 9.20.2 of the parties' sales representative agreement contains a forum selection clause that is no more mandatory than either *Northern California District Council of Laborers* or *Hunt Wesson*. Although Section 9.20.2 may indicate an exclusive forum, it is just as readily understood to merely indicate an optional forum to which both parties admit jurisdiction. Because either interpretation is apt, Section 9.20.2 falls shorts of "language that clearly designates a forum as the exclusive one." *Nor. Cal. Dist. Council of Laborers*, 69 F.3d at 1037. Therefore, ON Semiconductor's motion for dismissal for improper venue is denied.

### B. Failure to Mediate

"Failure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal." *Brosnan v. Dry Cleaning Station Inc.*, No. C-08-02028, 2008 WL 2388392, at *1 (N.D. Cal., June 6, 2008); *see also HIM Portland, LLC v. DeVito Builders, Inc.*, 317 F.3d 41, 44 (1st Cir. 2003). To determine whether a contract makes mediation a condition precedent to filing a lawsuit, a court applies standard principles of contract construction. *See HIM Portland*, 317 F.3d at 43.

The Federal Arbitration Act, although it does not explicitly govern the mediation clause in the parties' contract, creates a federal policy in favor of alternative dispute resolution. *See Moses H. Cone Mem'l. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Therefore, just as "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," *id.* at 24-25, the court resolves any doubts about the parties' mediation clause in favor of mediation.

Section 9.20.1 of the sales representative agreement provides that, if good faith negotiations fail to resolve a dispute, "then the dispute will be mediated by a mutually acceptable mediator." In the next section, 9.20.2, the sales representative agreement provides that, "[a]ny dispute with [the

1  parties] cannot resolve through negotiation, mediation or other form of ADR . . . may then be
2  submitted to the courts within Arizona for resolution." Section 9.20.1 is phrased in mandatory terms:
3  "the dispute *will* be mediated." Section 9.20.2 emphasizes the mandatory language, by creating a
4  structure in which litigation becomes appropriate after "negotiation, mediation or other form of ADR"
5  fails to resolve the dispute. Therefore, these clauses create a requirement that the parties mediate
6  disputes before engaging in litigation. *Cf. HIM Portland*, 317 F.3d at 43-44.

7      There is no dispute that the parties have not engaged in mediation. As mediation is a condition
8  precedent to litigation between the parties, the current lawsuit is premature.

9  **IV.   CONCLUSION**

10     For the foregoing reasons, ON Semiconductor's motion to dismiss is GRANTED WITHOUT
11 PREJUDICE. The Clerk of the Court is directed to close the file.

12 **IT IS SO ORDERED.**

13 DATED:  February 2, 2010

14                                              _____
15                                                Hon. Jeffrey T. Miller
                                               United States District Judge

16
17
18
19
20
21
22
23
24
25
26
27
28